The Honorable Mary Anne Salmon State Senator #29 Heritage Park Circle North Little Rock, Arkansas 72116
Dear Senator Salmon:
I am writing in response to your request for an opinion on the following:
 My constituent recently retired from the North Little Rock Fire Department with an effective date of May 31, 2005.
 Apparently, my constituent was ill-advised and did not submit the required paperwork in a timely manner. He was informed by [the Arkansas Local Police and Fire Retirement System ("LOPFI")] that as long as he completed his paperwork prior to June 15, 2005, they would be able to process his benefit payment for July 1, 2005. The payment would include both June and July payments.
 My constituent was later informed that he would not be receiving payment for the month of June because he was two weeks late in filing the correct documents with LOPFI.
 My question to you is: does my constituent have any recourse? What Arkansas law states that there will be a penalty for such a late filing and how is the amount determined?
RESPONSE
In my opinion, with respect to your first question, your constituent should file a grievance with the LOPFI Board under LOPFI Board Rule 26; if the grievance procedure proves unsatisfactory, your constituent may wish to consult private counsel regarding possible recourse in a court. LOPFI would have the additional benefit of its written documentation as well as state law that requires paperwork to be filed at least 30 days prior to the request that benefits begin. With respect to your second question, the Arkansas Code specifies that LOPFI requires documentation of a participating member's retirement a minimum of thirty days in advance of the retirement to process the paperwork required to begin payments, though in my opinion this would not be characterized as a penalty.
Question One: Does my constituent have any recourse?
In my opinion, your constituent has access to the LOPFI grievance procedure as detailed in LOPFI Board Rule 26. Whether further recourse is warranted if the grievance procedure is unsatisfactory should be discussed with private counsel.
LOPFI Board Rule 26 provides:
D. Complaints regarding staff
 If any person has a complaint against the LOPFI staff with respect to discharge of their business responsibilities, such complaint must be expressed in writing and submitted to the Executive Director. The Executive Director may investigate the complaint or assign the investigation to the employee's supervisor.
 E. The investigation of all complaints shall be completed within thirty (30) days of receipt. The Executive Director may grant an extension of time for completion if there are articulated reasons why the investigation could not be completed within the 30-day period.
Id.
In your request for an opinion, you indicate that someone from LOPFI informed your constituent that if he completed certain paperwork that he would be able to receive his benefits retroactively. In my opinion, this administrative grievance procedure is the most appropriate method of recourse available to your constituent from the facts recited in your request for an opinion.
If the grievance procedure proves unsatisfactory to your constituent, your constituent may wish to consult private counsel regarding whether recourse to a court is appropriate.
Question Two: What Arkansas law states that there will be a penalty forsuch a late filing and how is the amount determined?
In my opinion, the term "penalty" is not an accurate description of the situation. In my opinion, A.C.A. § 24-10-604 (Repl. 2002) requires the submission of a "written application of retirement" to LOPFI a minimum of thirty days prior to the covered member's retirement. The delay between the time the appropriate paperwork is filed and the first disbursement does not amount to a penalty. The retirement funds your constituent expected to receive for June merely remain in the LOPFI fund for future disbursement.
By statute, an individual retiring from service in a LOPFI supported agency must give notice to LOPFI of this retirement:
 Any member in covered employment may retire with an annuity . . . upon his or her written application to the Board of Trustees of the Arkansas Local Police and Fire Retirement System setting forth at what time, not less than thirty (30) days nor more than ninety (90) days subsequent to the execution and filing of his or her application, he or she desires to be retired. . . .
A.C.A. § 24-10-604(a).[1] The plain and ordinary language of the statute is clear. To properly receive retirement benefits from LOPFI, the retiring member must give a statutorily mandated amount of notice to LOPFI. While you characterize this as a penalty in your request for an opinion, it is not penal in nature in my opinion. It is a procedural requirement that does not appear to divest the retiring member of any benefits.
In my opinion, A.C.A. § 24-10-604 provides for the delay between a retiree submitting the appropriate paperwork to LOPFI and the receipt of the initial retirement annuity, though I do not characterize this as a penalty.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] While only 30 days is statutorily required, LOPFI prefers 60 days of notice to ensure adequate time to process all applicable paperwork. Arkansas Local Police and Fire Retirement System Application for Retirement, Revised July, 2005.